UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 25-20 (JMB/SGE)

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>(1) NICHOLAS JOHN GAVIN, and<br>(2) STEVEN SCOTT GORDON,<br>　　aka "Marissa Banks,"<br><br>　　　　　Defendants. | **SUPERSEDING INDICTMENT**<br><br>18 U.S.C. § 2<br>18 U.S.C. § 2251(a)<br>18 U.S.C. § 2251(e)<br>18 U.S.C. § 2252(a)(2)<br>18 U.S.C. § 2252A(a)(2)<br>18 U.S.C. § 2252(b)(1)<br>18 U.S.C. § 2253<br>21 U.S.C. § 853(p) |

THE UNITED STATES GRAND JURY CHARGES THAT:

## COUNT 1
(Production of Child Pornography)

On or about August 8, 2016, in the State and District of Minnesota, and elsewhere, the defendants,

**NICHOLAS JOHN GAVIN, and
STEVEN SCOTT GORDON,**

aided and abetted by others known and unknown to the grand jury, did knowingly employ, use, persuade, induce, entice, and coerce Minor Victim 1, a child under the age of 12 years, to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct, to wit, an image file ending in "3223.mp4," which is a video of a sexual act performed on Minor Victim 1, knowing and having reason to know that such visual depiction would

SCANNED
APR 2 9 2025
U.S. DISTRICT COURT MPLS

be transported using any means and facility of interstate and foreign commerce, transported in and affecting interstate and foreign commerce, and was produced and transmitted using materials that had been mailed, shipped, and transported in and affecting interstate and foreign commerce by any means, including by computer, all in violation of Title 18, United States Code, Sections 2, 2251(a), and 2251(e).

## COUNT 2
(Production of Child Pornography)

On or about March 24, 2020, in the State and District of Minnesota, and elsewhere, the defendant,

**NICHOLAS JOHN GAVIN,**

aided and abetted by others known and unknown to the grand jury, did knowingly employ, use, persuade, induce, entice, and coerce Minor Victim 1, a child under the age of 12 years, to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct, to wit, an image file ending in "3814.jpg," which is an image of a sexual act performed on Minor Victim 1, knowing and having reason to know that such visual depiction would be transported using any means and facility of interstate and foreign commerce, transported in and affecting interstate and foreign commerce, and was produced and transmitted using materials that had been mailed, shipped, and transported in and affecting interstate and foreign commerce by any

means, including by computer, all in violation of Title 18, United States Code, Sections 2, 2251(a), and 2251(e).

## COUNT 3
(Attempted Production of Child Pornography)

On or about September 30, 2017, to on or about December 11, 2018, in the State and District of Minnesota and elsewhere, the defendants,

**NICHOLAS JOHN GAVIN, and
STEVEN SCOTT GORDON,**

aided and abetted by others known and unknown to the grand jury, did attempt to employ, use, persuade, induce, entice, and coerce a child under the age of 12 to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct, including:

a)   Minor Victim 2, in the file ending in "2837.jpg;"

b)   Minor Victim 3, in the file ending in "4032.jpg;"

namely, images of these minors nude in a bathroom, using materials that have been mailed, shipped, and transported in and affecting interstate and foreign commerce by any means; all in violation of Title 18, United States Code, Sections 2251(a) and 2251(e).

## COUNT 4
(Distribution of Child Pornography)

On or about August 8, 2016, in the State and District of Minnesota, the defendant,

3

**NICHOLAS JOHN GAVIN,**

knowingly distributed a visual depiction, to wit, a file ending in "5339.mp4," a video approximately 38 seconds in duration depicting an adult performing a sexual act on Minor Victim 1, a child under the age of 12 years old, using a means and facility of interstate commerce by any means including by computer, and the production of such visual depiction involved the use of a minor engaging in sexually explicit conduct, and such visual depiction is of such conduct, all in violation of Title 18, United States Code, Sections 2252(a)(2) and 2252(b)(1).

### COUNT 5
(Receipt of Child Pornography)

On November 26, 2018, within the Northern District of Ohio, and elsewhere, the defendant,

**STEVEN SCOTT GORDON,**

did knowingly and intentionally receive child pornography, as defined in Title 18, United States Code, Section 2256(8), to wit, an image with file ending in "3646.jpg," depicting adult genitals being held by Minor Victim 1, a child under 12 years old, that had been shipped and transported in and affecting interstate and foreign commerce by any means, to wit, the internet, all in violation of Title 18, United States Code, Section 2252A(a)(2) and (b).

<u>United States v. Nicholas John Gavin, et al.</u>

## FORFEITURE ALLEGATIONS

All Counts of this Indictment are hereby realleged and incorporated as if fully set forth herein by reference, for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Section 2253(a).

Upon conviction of the foregoing offenses, the defendants shall forfeit to the United States pursuant to Title 18, United States Code, Section 2253(a):

(1) any visual depiction described in section 2251, 2251A, 2252, 2252A, 2252B, or 2260 of this chapter, or any book, magazine, periodical, film, videotape, data disc, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped or received in violation of Chapter 110, United States Code;

(2) any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offenses;

(3) any property, real or personal, used or intended to be used to commit or to promote the commission of such offenses or any property traceable to such property. The property subject to forfeiture upon conviction of any of Counts 1-5 includes, but is not limited to the following property:

(a) a Samsung Galaxy A21 phone with Serial Number R9AN609KECJ;

(b) a black desktop with Serial Number ET8834-7677;

(c) a Maxtor DiamondMax Plus 9 60 GB hard drive with Serial Number Y2CPGHQE;

(d) a Western Digital WD1600 160GB hard drive bearing identifier WD-WCAL95105318;

(e) a Western Digital 10262.5 MB (10GB) hard drive bearing identifier WD-WM6750140937;

(f) a Rocketfish External hard drive containing WDC WD16 hard disk with Serial Number 0xecc230008a12c;

(g) a Samsung Galaxy A21 SM-A215U phone, IMEI 354231110445056;

(h) a Fujitsu hard drive labeled MPB3043ATHD;

(i) a Western Digital hard drive with identifier WCAJ97095600;

(j) a T-Mobile Samsung Galaxy S4 Cell phone;

(k) an Asus laptop computer with Serial Number E6N0CX751124258;

(l) a Lenovo desktop Thinkserver, Serial Number 1S70A4001LUXMJ014UDH;

(m) a Dell laptop computer with Serial Number 73PZYP1;

(n) a black generic custom built computer tower containing 500 GB Hitachi hard drive and 250 GB Samsung SSD;

(o) a Sony Vizio laptop computer with Serial Number 3109971; and

(p) a Samsung Galaxy phone, IMEI 354030117955418.

If any of the above-described forfeitable property is unavailable for forfeiture, the United States intends to seek the forfeiture of substitute

United States v. Nicholas John Gavin, et al.

property as provided for in Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 2253(b).

A TRUE BILL

_____     _____
ACTING UNITED STATES ATTORNEY        FOREPERSON